MERIDALE DAIRIES, INC., v. J. S. DUMAS, B. T. DUMAS, JR., HOLSUM CAFETERIAS, INC., HOLSUM MIAMI CORPORATION, HOLSUM ATLANTIC CORPORATION, and HOLSUM ENTERPRISES, INC.

189 So. 391

Division A

Opinion Filed May 30, 1939

Rehearing Denied June 14, 1939

*Gramling & Gramling,* for Appellant;

*Herbert U. Feibelman,* for Appellees.

TERRELL, C. J.—In the latter part of 1935, Meridale Dairies, Inc., a New York Corporation, doing business in New Jersey, sold to Holsum Atlantic Corporation, a New Jersey corporation, $2,165.96 in merchandise. Holsum Atlantic Corporation, owned and operated a cafeteria in Atlantic City, New Jersey, which failed. Meridale Dairies, Inc., then filed suit and secured a judgment against Holsum Atlantic Corporation, in New Jersey, which it has not been able to collect.

J. S. Dumas and B. T. Dumas, Jr., residents and citizens of Florida, own and operate cafeterias in St. Peters-

burg and Miami, Florida. J. S. Dumas and B. T. Dumas, Jr., were also the owners of Holsum Atlantic Corporation against which Meridale Dairies, Inc., secured its judgment and which failed.

The bill of complaint in this suit prays that the corporate fiction of Holsum Atlantic Corporation be disregarded and that J. S. Dumas and B. F. Dumas, Jr., be decreed to be the real persons indebted to appellant and that they be required to pay the $2,165.96, due it from Holsum Atlantic Corporation as soon as reduced to judgment in this State. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The gist of appellant's contention is that J. S. Dumas and B. T. Dumas, Jr., were the principal owners of the New Jersey corporation which failed, that they have organized several corporations of Florida which have acquired the assets of the New Jersey corporation, that they are personally responsible for the debts of the latter and should be required to pay the same.

There is no quarrel with the principle of law contended for but the facts alleged in the bill of complaint fail to make out a case on which the desired judgment can be predicated. The Chancellor treated the bill of complaint as a creditor's bill and granted the motion to dismiss because it did not show that the prerequisites as required by Florida law had been complied with.

The pleadings have been examined and the judgment found to be free from error. We are not unmindful of the doctrine that a court of equity on a proper showing will pierce the corporate veil and enforce the real parties to do justice but in this case, the allegations of the bill fail to state a cause placing liability at the door of appellees.

Then as the Chancellor found it as shown that other mandatory prerequisites of the law had not been met.

In this state of the pleadings, it follows that the judgment below must be affirmed.

Affirmed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.