**STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS FOR FLORIDA, et al., v. RALPH G. COOKSEY.**

21 So. (2nd) 542          January Term, 1945
March 23, 1945          En Banc
Rehearing denied April 20, 1945

*Harrison E. Barringer* and *William C. Gardiner*, for appellant.

*William C. Kaleel* and *McMullen, McMullen & Pogue*, for appellee.

ADAMS, J.:

On the 19th day of December, 1941, the Circuit Court of the Sixth Judicial Circuit of Florida in and for Pinellas County, pursuant to the mandate of the Supreme Court of Florida, entered its order inter alia, as follows:

"Ordered, Adjudged and Decreed by this Court that the said Ralph G. Cooksey be directed to immediately return to the Secretary of said State Board of Funeral Directors and Embalmers for Florida, his 1940 funeral director's license No. 130, or such funeral director's license as he now has from said State Board of Funeral Directors and Embalmers for Florida.

"It appearing to this Court that under Chapter 17950, Laws of Florida, Acts of 1937, this Court, on appeal from a ruling of the State Board of Funeral Directors and Embalmers for Florida, is directed to 'proceed to consider the cause as shown by the assignment of errors and the transcript of record and *make such orders* or orders concerning same as required by law and the evidence,' and it being deemed by this Court to be its duty, under the above quoted provision of Chapter 17950, Laws of Florida, Acts of 1937, to 'make such order or orders . . . as required by law and the evidence' to see to it that the mandate of the Supreme Court is not circumvented by any technical evasion and that Ralph G. Cooksey desist completely from practicing the profession of funeral directing, either directly or indirectly, it is, therefore, further

"Ordered, Adjudged and Decreed That this Court, for the purpose of rendering effectual the mandate and judgment of the Supreme Court of Florida, the order of this Court, and the order of the State Board of Funeral Directors and Em-

balmers for Florida, does hereby prohibit the said Ralph G. Cooksey from engaging, either directly or indirectly, in the business of funeral directing as defined by Chapter 17950, Laws of Florida, Acts of 1937."

On October 12, 1942, the circuit court, supra, issued its rule to Cooksey, requiring him to show cause why he should not be adjudged in contempt of court for the alleged violation of the order, supra.

After motion (not material here) Cooksey filed his answer, tendering issues of fact. On final hearing, after the taking of much testimony, the Court, on April 10, 1944, entered its findings and judgment discharging the rule.

While this document is of considerable length, this writer feels that to quote it will best serve clarity and show the reasons warranting the entry of the judgment. It is as follows:

"The Court is of the opinion and finds that while the respondent Cooksey, in the days immediately succeeding the entry of the order which sustained the order of the State Board of Funeral Directors and Embalmers revoking Cooksey's license as a funeral director, did and performed or permitted acts which were a violation of the court order, such acts are excusable and excused by virtue of the fact that even the court and counsel were not of one mind nor able to definitely determine exactly what was permissible for Cooksey to do in connection with the business of funeral directing carried on by the corporation in which he was an officer and owned stock. Furthermore, it appears from the evidence that respondent Cooksey refrained from engaging in the funeral directing business, except in some isolated instances, shortly after the order of affirmance entered by this Court. For the greater portion of the period since the entry of the order of affirmance, Cooksey has apparently endeavored to avoid violations. The violations which were established against Cooksey must not have been wilful and, therefore, contemptuous for later, without court action, he changed his course of conduct in connection with the funeral home and has, since shortly prior to the instant court action, attempted to stay within the language and spirit of the court's order.

Because of the confusion, which patently has existed in the minds of all parties connected with this litigation as to just what respondent Cooksey might do and what he might not do by virtue of the revocation of his license, the Court deems it advisable to attempt in this order to define what in its opinion would amount to violations which might subject Cooksey to an action for contempt.

"It seems clear that Cooksey may own stock in a corporation which engages and may engage in the funeral directing business by virtue of the provisions of the very law which created the State Board of Funeral Directors and Embalmers for Florida. Just why the Legislature saw fit to provide in the law that a corporation may engage in the mortuary business so long as it at all times keeps in its employ a licensed funeral director is a matter with which the Court is not concerned except insofar as such provision affects the question before the Court in the instant action. This provision of the law has been the real cause for confusion developing in connection with what a funeral director, who has had his license as such revoked, may do. Were it not for the provision in this law permitting a corporation to engage in the mortuary business, it would be the opinion of this Court that the distinction, which the law apparently recognizes between the mortuary business and funeral directing business, would be a distinction without a difference. However, the law apparently makes a clear distinction between the functions of a funeral director as such and the carrying on of a mortuary business. Thus it would appear that, generally speaking, the funeral director, whose license as such has been revoked, may engage in the mortuary business through a corporation so long as he does not personally perform any of the duties of a funeral director. Consequently, this Court sees no objection to Cooksey and his wife, who own the property occupied and used by the corporation, leasing it to the corporation as they have done. He would naturally be entitled to any dividends which might be paid to him by virtue of ownership of stock of a corporation and/or any salary which might come to him by virtue of holding office, but should not and may not receive remuneration, nor perform services, for the corporation in

connection with its funeral directing business. Any activity on his part beyond that which is just hereinabove set forth, would certainly in the main border upon, if not actually amount to, a violation of the order which took from him the right of acting as a funeral director. The use of Ralph G. Cooksey's name in any manner as an individual name rather than in connection with the full name of the corporation should not be allowed. In advertising, the photograph and signature of Ralph G. Cooksey should not be used and certainly in such advertisements he should not be referred to as the founder and therefore by implication as an active funeral director.

"Finally, the respondent Cooksey should not and must not, so long as his license as a funeral director stands revoked, do or perform any of the services which are usually and customarily performed by a funeral director. The Court expressly has in mind consultations with the bereaved family or any other person directly interested in the funeral or its arrangements and entering into contracts for performance of funeral services; being in attendance and actually or apparently in charge of the entire funeral service or any part thereof. He may, almost without limitation, participate in and even manage and control the internal affairs of the corporation itself but he must not participate in any manner in the funeral directing business in which the corporation engages. His connection with the corporation should be limited to the connection which an ordinary layman would have with a corporation of this character in which he might own stock or hold an office.

"It Is Thereupon Ordered and Adjudged That the rule to show cause why the said Cooksey should not be held in contempt of this Court be, and it is hereby discharged."

This appeal is proper for our consideration because the order which petitioner violated was entered pursuant to a mandate from this Court.

We might rest a reversal of the decree upon the finding of the lower court that petitioner had actually violated the injunctive order. At the same time, we call attention to the fact that the injunction is to prevent, by indirection, as well

as directly engaging in the business of funeral directing. It is quite true a corporation may engage in the business of funeral directing (Section 470.10 F.S. '41, F.S.A.) and petitioner is not prohibited from owning stock in such company. In this case, however, it is apparent that petitioner has and is using the corporation as a means to evade the restraining order. This is not so much a case where the chancellor erred in weighing the evidence, but rather where he misconceived the legal effect of the evidence.

The decree appealed from is reversed with directions to order appropriate punishment for the violation of the injunctive order.

Reversed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.

TERRELL, BROWN and BUFORD, JJ., dissent.

BUFORD, J., dissenting:

Mr. Justice ADAMS has stated the case but we are unable to agree with the conclusions reached.

Section 470.10 Fla. Statutes 1941 (same F.S.A.), inter alia, provides:

"Provided, however, a corporation may engage in the profession or business of funeral directing or embalming or hold out to the public that it is engaged in the profession or business of funeral directing and embalming when, and only when the person actually in charge and in immediate supervision of the conduct of such business is a funeral director duly licensed under the terms of this Chapter and all embalming is performed by or under the direct supervisions of an embalmer duly licensed under the provisions of this Chapter."

The effect of this provision is to allow persons who may not be qualified to obtain a license otherwise to engage in the business of a funeral director to organize a corporation which may lawfully engage in such business by complying with the terms of the statute. As we see it, there was nothing in the order and judgment of the court which enjoined Cooksey from being a stock-holder in such corporation, or from doing or performing any acts in connection with the business of such corporation which any other stock-holder not being a trained

funeral director could legally perform, even if such injunction could have been legally issued, which question it is unnecessary for us to here determine.

We think that the circuit court in the challenged order gave proper consideration and effect to the above stated provision of the statute.

It is not necessary for us to detail the evidence here. It is sufficient to say that there is reflected in the record substantial evidence to support the challenged order and judgment.

The rule appears to be very well settled that in cases of this sort "in the absence of legal restrictions, the character of the punishment for contempt is within the discretion of the court, and the court may imprison or fine, or do both, or impose some other penalty, or may discharge the offender absolutely or conditionally." 17 C.J.S. page 134, par. 92. See also authorities cited in footnote to sustain this statement of law.

In 17 C.J.S. page 146, it is said:

"In contempts resulting from disobedience to court orders, decrees, etc., prompt compliance therewith after the institution of the proceeding will usually be regarded as sufficient purging of the contempt, especially where no material injury or loss has been suffered by the party for whose benefit the action is taken." See also People ex rel. Dean, et al., v. Ann Arbor Ry. Co., et al., 137 Mich. 673, 100 N.W. 892; Wingert v. Kieffer, et al., 29 Fed. (2nd) 59 and cases there cited.

It appears that we should entertain this appeal because the order and judgment which appellee was charged with violating was entertained in the court below pursuant to our mandate hereinbefore referred to. Otherwise, the appeal should be dismissed on authority of State v. Lehman, 100 Fla. 481, 129 So. 818, and cases there cited, and the case of Hamilton v. State ex rel. 148 Fla. 551, 4 So. (2nd) 660 and cases there cited.

TERRELL and BROWN, JJ., concur.