**STATE ex rel CONTINENTAL DISTILLING SALES COMPANY, a foreign corporation authorized to do business in Florida, v. JAMES T. VOCELLE, Director Beverage Department, State of Florida.**

27 So. (2nd) 728
November 5, 1946
Rehearing denied November 12, 1946

June Term, 1946
Division A

*Parker & Foster, Julius F. Parker, Leo L. Foster* and *T. T. Turnbull,* for relator.

*J. Tom Watson, Attorney General,* and *D. Fred McMullen,* Assistant Attorney General, for respondent.

ADAMS, J.:

This case is one of original jurisdiction in mandamus brought by Continental Distilling Sales Company, a foreign corporation, duly qualified to do business in Florida, against James T. Vocelle, Director of the Beverage Department of Florida, to compel the issuance of a license as a wholesale distributor of liquor pursuant to Chapter 561, Acts of 1941. The action is opposed under Sec. 561.24, Fla. Stat., 1941, F.S.A., because relator is a manufacturer of liquor in a state other than Florida. We appointed a commissioner to take testimony and the question now is whether we should grant the Peremptory Writ on the evidence.

There appears no material conflict in the evidence, but our decision turns on its legal effect. The evidence shows that relator is a subsidiary of Publicker Industries, Inc., a foreign corporation; that Continental Distilling Corporation, another foreign corporation, is also a subsidiary of Publicker Industries, Inc. While each company is a separate legal entity, the parent company controls the stock of each subsidiary and by stock vote can indirectly control the affairs of each subsidiary. The Continental Distilling Corporation is a manufacturer of liquors while the relator is a seller of liquors. The parent company is merely a holding company. The respondent argues that there is, in reality, only one party who is a manufacturer and is ineligible for a license under Sec. 561.24 supra. It is not claimed that there is any fraud attempted or that any of the corporations were formed for the purpose of evading the statute. It is not illegal per se for a manufacturer to distribute his own product but the statute which reads: "No manufacturer, rectifier, or distiller, manufacturing, rectifying or distilling spiritous liquors, in any state other than the State of Florida shall be licensed as a distributor."—prohibits the license to those directly engaged as a manufacturer.

Corporations are legal entities by fiction of law. Their purpose is generally to limit liability and serve a business convenience. Courts are reluctant to pierce the corporate veil and only in exceptional cases will they do so. Such instances are for fraud as where creditors are misled and defrauded or where the corporation is created for some illegal purpose or to commit an illegal act. See 18 C.J.S., 376; 13 Am. Jur., 160. For decisions from our own court see Barnes v. Liebig, 146 Fla. 219, 1 So. (2nd) 247; Wofford v. Wofford, 129 Fla. 445, 176 So. 499; State Board of Funeral Directors and Embalmers v. Cooksey, 155 Fla. 761, 21 So. (2nd) 542; Meridale Dairies, Inc. v. Dumas, 138 Fla. 323, 189 So. 391; Bellaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625; and Fickling Properties v. Smith, 123 Fla. 556, 167 So. 42.

In this case it is argued that while there is no actual fraud the granting of the license would be an evasion of the statute. The evidence wholly fails to show that the orporations were created to evade the statute. In fact, they were formed prior to the passage of the statute. The Peremptory Writ will issue.

So ordered.

CHAPMAN, C.J., TERRELL and BUFORD, JJ., concur.

