153 So.2d 718 (1963)
ROBERTS' FISH FARM and Florida Fish Farm, Inc., Petitioners,
v.
John Joseph SPENCER and the Florida Industrial Commission, an administrative agency, Respondents.
No. 32135.
Supreme Court of Florida.
May 24, 1963.
*719 Cosgrove, Rose & Budzinski and Frank F. Cosgrove, Miami, for petitioner.
Charles L. Rowe and Jones, Adams, Paine & Foster, West Palm Beach, for John Joseph Spencer.
Burnis T. Coleman and Patrick H. Mears, Tallahassee, for Florida Industrial Commission, respondent.
O'CONNELL, Justice.
The claimant-respondent, John Joseph Spencer, was injured in a compensable accident while in the employ of Tropical Fish, Inc., a Florida corporation, hereinafter referred to as Tropical Fish. He filed a claim against Tropical Fish, and after initial hearing thereon he also filed claims for the same injury against Roberts' Fish Farm, a partnership, and Florida Fish Farm, Inc., a Florida corporation, hereinafter referred to as Florida Fish.
After further hearing on all claims the deputy entered an order awarding compensation to claimant in which he found that at the time of his injury claimant was an employee of Tropical Fish. Nevertheless, he held Roberts' Fish Farm and Florida Fish jointly liable with Tropical Fish for payment of compensation benefits on the basis that the two corporations and the partnership were interlocking; that Tropical Fish was "merely an agent or alter-ego of Roberts' Fish Farm and Florida Fish;" and that because of these and other factors recited in his order Tropical Fish had "no separate mind, will or existence of its own."
Both corporations and the partnership appealed to the Full Commission which affirmed the order of the deputy.
Roberts' Fish Farm and Florida Fish have petitioned this court for review. Tropical Fish has not sought review. We are told it is insolvent and that it had no compensation insurance.
The petitioners present two questions.
First, they contend that the Full Commission erred in holding that they were liable to pay benefits to a claimant who was not their employee.
Second, they insist that the Florida Industrial Commission has no jurisdiction, i.e. lacked the power, to enter an order abolishing or disregarding the separate existence of a corporate entity, or entities, as the deputy did in this case.
Our answer to the second question will dispose of the first.
Claude Roberts had two sons, Frank and Jack.
Frank owned all the capital stock of Florida Fish Farm, Inc., except two shares, one of which was held in the name of his wife, the other being held by his attorney.
This corporation was a wholesaler of ornamental fish with its office and operation in Miami. Frank was President of and managed the affairs of this corporation.
Roberts' Fish Farm, a partnership, was owned and operated by Claude and Jack Roberts. It also was a wholesaler of ornamental fish with its office and facilities in Miami approximately one block distant from Florida Fish Farm, Inc. Frank had nothing to do with this business.
*720 Claude, Frank and Jack Roberts owned the capital stock of Tropical Fish, Inc. in equal shares. This corporation was a grower and, for a short time, an importer of tropical fish. It imported fish only four times. It sold all of its imports and all the fish it produced to the other corporation and the partnership. The fish were grown near Stuart, Florida, but the corporation had its office at the home of Jack Roberts in Miami. Frank was the President of this corporation and Jack was Secretary-Treasurer.
The claimant, John Spencer, tended the fish ponds of Tropical Fish, Inc. near Stuart and periodically delivered truckloads of the fish produced there to Florida Fish Farm, Inc. and Roberts' Fish Farm in Miami. He was paid by check drawn on Tropical Fish, Inc. He never performed any services for Roberts' Fish Farm or Florida Fish either as a special, loaned or common employee.
The deputy held Roberts' Fish Farm and Florida Fish responsible not on the theory that claimant was their employee or performed services for them, but on the theory that the partnership and corporations were in fact one and not three separate entities. Petitioner contends that the deputy did not have the power to deny the corporations and partnership their existence as separate legal entities. We agree.
The deputy had the power and duty to determine who was the employer of claimant. He determined that Tropical Fish was individually the employer of claimant. When he did this we think he exhausted his authority.
We find no case in this jurisdiction which holds that a deputy commissioner or the Full Commission has the authority to disregard the legal existence of a corporation. In the two Alabama cases cited by claimant as authority for exercise of such power by the deputy and Full Commission it appears that a circuit court of that state, not a deputy, was the trier of fact.
On the other hand this court held in Barnes v. Liebig, 1941, 146 Fla. 219, 1 So.2d 247 that the legal existence of a corporation could be disregarded only in a court of law or equity. See also Riley v. Fatt, Fla. 1950, 42 So.2d 769. In Huttig v. Huffman, 1942, 151 Fla. 166, 9 So.2d 506 this court plainly said that the attack on the bona fides of a corporation as a separate entity "must be in a court of equity, giving all interested parties the opportunity to be heard." In other cases dealing with the issue it is assumed or stated that a court exercising equity jurisdiction is the proper forum for litigation of such a question.
The sum of the above decisions, and of all others handed down in this state, is that only duly established courts of law or equity may pierce the corporate existence and look beyond it to the stockholders or to other entities.
The case closest in point to the one before us in Naranja Rock Co. v. Dawal Farms, Fla. 1954, 74 So.2d 282. In that case the claimant performed work for two corporate employers, was injured and brought his claim against both corporations. The deputy concluded that at the time of the accident claimant was working for both employers and ordered each to pay half the award. He found that the relationship between the two corporations was so close that at the time claimant was injured they were acting as one.
On review this court after noting that the same person was president of each corporation and that their operation and financial affairs were closely interwoven said.
"* * * Nevertheless, the companies were distinct legal entities and must be treated as separate employers. * * Therefore, we do not think the fact that the corporations were closely related is of itself sufficient to support *721 the conclusion that on the night in question the claimant was doing the work of both employers."
Although the power of the deputy to disregard the separate existence of a corporate entity was not directly passed on in the Naranja Rock case, the court clearly took the position that the two corporations although closely interrelated must nevertheless be treated as separate entities. The result is the same. We think this case is decisive of the one before us.
We have not overlooked the fact that the deputy also found that Tropical Fish, Inc. was the agent of the two petitioners. The record before us is devoid of any evidence which would support a finding of such agency as would be necessary to bind the respondents as principals.
We hold that the Florida Industrial Commission acting either through the Full Commission, or a deputy, has no jurisdiction to disregard the legal existence of a corporation as was attempted in this case. If a claimant employed by a duly organized and existing corporation is to pierce the corporate veil and saddle responsibility for his claim on the stockholders or others associated with the corporate employer he must do so in an appropriate action in a court of equity or law.
While this holding may lengthen the legal road which a claimant may have to travel in order to obtain satisfaction of a compensation award in a case where the corporate entity ought to be set aside it does not deny him recovery if he can show, on issues properly framed in a court of competent jurisdiction, that the corporate entity should be disregarded. This is no more than any other creditor or litigant is required by our decisions to do in order to recover in such a case.
The informal nature of workmen's compensation proceedings and the simplicity of the pleadings by which a claim is brought to issue and tried makes it inadvisable that the involved and complicated issues incident to a determination of the validity of the corporate shroud be decided in such a forum under such pleadings and procedures.
For example, in the instant case none of the three claim notices filed in this cause in any way put in issue the separateness of Tropical Fish, Inc. as a corporate entity, or otherwise notified the petitioners that the claimant would seek to hold them liable on such a theory.
The corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation. As we said in State ex rel. Continental Distilling Sales Co. v. Vocelle, 1946, 158 Fla. 100, 27 So.2d 728, "Their purpose is generally to limit liability and serve a business convenience." Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing of the corporate veil. This is the reason for the rule, stated in all Florida cases, that the courts are reluctant to pierce the corporate veil and will do so only in a court of competent jurisdiction, after notice to and full opportunity to be heard by all parties, and upon showing of cause which necessitates the corporate entity being disregarded in order to prevent some injustice.
We do not hold in this case that a deputy may not in a proper case find that two or more corporations are in fact a joint or common employer of a single employee. No doubt there may be circumstances where two or more such entities may be both interested in the employment as to have the status of common or joint employers. But the deputy did not so find in this case. He found properly, we think, that claimant was the employee of only one entity, Tropical Fish.
*722 For the reasons above expressed the petition for writ of certiorari is granted and the order of the Full Commission is quashed and the cause remanded for further proceedings consistent with this opinion.
It is so ordered.
ROBERTS, C.J., and DREW and CALDWELL, JJ., and COLLINS, Circuit Judge, concur.