330 So.2d 143 (1976)
The DIVISION OF BEVERAGE of the STATE of Florida, DEPARTMENT OF BUSINESS REGULATION, Appellant,
v.
FOREMOST-McKESSON, INC., a Corporation, Appellee.
No. 47334.
Supreme Court of Florida.
March 31, 1976.
*144 J. Riley Davis, Tallahassee, for appellant.
Chester Bedell, John A. DeVault, III, and Peter D. Webster, Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for appellee.
HATCHETT, Justice.
Appellee, Foremost-McKesson, Inc. (Foremost), applied to the appellant, Division of Beverage (Division), in the fall of 1973 for renewal of its license to distribute liquor in Florida. On account of Foremost's interest in an out of state rectifying[1] plant, the Division took the position that Fla. Stat. § 561.24 (1973)[2] precluded renewal, and denied Foremost's application. Foremost then filed in United States District Court for injunctive and other *145 relief and secured a temporary restraining order against the Division, which order is still in force. A three judge district court was convened; that court voted to postpone consideration of the merits until conclusion of state court proceedings. When the federal court granted the Division's motion to abstain, Foremost filed in circuit court, seeking a declaration that Fla. Stat. § 561.24 (1973) was inapplicable to it or, if applicable, then unconstitutional, as a state matter.[3]
The circuit court, per the Hon. Hugh M. Taylor, ruled that Foremost was entitled to the benefit of the grandfather clause, Fla. Stat. § 561.24(5) (1973), but also considered and explicitly rejected Foremost's argument that Fla. Stat. § 561.24 was bad as a state constitutional matter. The Division took an appeal from this summary judgment to the District Court of Appeal, First District, assigning as error the ruling that Foremost was covered by the grandfather clause. Foremost cross-appealed and assigned as error the ruling that Fla. Stat. § 561.24 (1973) validly prohibited renewal of its license, but for the grandfather clause. Thereafter, motion to transfer the appeal to this Court was granted, because the judgment under review construes a constitutional provision, Fla. Const. art. I § 9 (1973). This Court has jurisdiction, pursuant to Fla. Const. art. V § 3(b)(1) (1973), but we share Judge Taylor's view that it was unnecessary to reach the constitutional question, in order to decide the case. Metropolitan Dade County Transit Auth. v. State Dept. of Highway Safety & Motor Vehicles, 283 So.2d 99 (Fla. 1973); Williston Highlands Development Corp. v. Hogue, 277 So.2d 260 (Fla. 1973).
Continuously since 1934, Foremost has distributed liquor in Florida. When originally licensed, Foremost was not itself a rectifier, distiller or manufacturer of liquor, nor was it affiliated with any such concern. Foremost was initially licensed to distribute under a predecessor[4] to the present Fla. Stat. § 561.24. The predecessor statute was amended in 1947, in response to this Court's decision in State ex rel. Continental Distilling Sales Co. v. Vocelle, 158 Fla. 100, 27 So.2d 728 (1946) (distributor entitled to license even though controlled by corporation which controlled out of state manufacturer). As amended, the statute also prohibited the grant and renewal of licenses to distribute liquor, where the applicant for license renewal, although not itself engaged in producing liquor, was affiliated with an out of state rectifier, distiller, or manufacturer. Fla.Laws 1947, ch. 23899 § 1. Simultaneously with the enactment of these amendments, a grandfather clause effected an exemption from their operation for certain licensees. Fla. Stat. § 561.24(5) (1973).
Foremost acquired an interest in an out of state rectifier for the first time, some 23 years after the amendments had been enacted. In 1970, "21" Brands, Inc., became a wholly owned subsidiary of Foremost, at a time when "21" Brands, Inc. had a controlling interest in Mohawk Liqueur Corporation, a Michigan rectifier. Mohawk Liqueur Corporation is now wholly owned by "21" Brands, Inc. The Division denied Foremost's application to renew its license to distribute liquor in Florida, on account of Foremost's ownership of "21" Brands, Inc.
The Division here urges that the history and purpose of the statute be looked to, *146 rather than the literal wording of the grandfather clause. The original statute[5] prohibited vertical integration between manufacturers and wholesalers in the liquor business but exempted Florida manufacturers. The 1947 amendments, Fla. Laws 1947, ch. 23899 § 1, broadened the scope of the prohibition by treating affiliated corporations as a single unit. Florida manufacturers continued to enjoy an exemption, however, and a distributor who was already licensed was entitled to license renewal even if it distributed an affiliated out of state manufacturer's products, so long as such products did not constitute more than 40 per cent of sales. By its terms, the grandfather clause applies to all distributors holding licenses as of June 3, 1947, without regard to whether the distributor was affiliated with an out of state rectifier, distiller or manufacturer at that time.
The Division argues that the legislature inadvertently omitted to limit the exemption to licensed liquor distributors who were affiliated with out of state rectifiers, distillers or manufacturers on June 3, 1947. If this inadvertent omission is not supplied, the Division maintains, statutory changes intended to strengthen the Division's hand in suppressing the "tied house" evil, see Pickerill v. Schott, 55 So.2d 716 (Fla. 1951), cert. den., 344 U.S. 815, 73 S.Ct. 9, 97 L.Ed. 634 (1952), will have had the contrary effect of making possible further integration of producers and distributors. The evil which the amendments were intended to suppress would thus be fostered. A grandfather clause of this kind, moreover, is ordinarily aimed at protecting existing investment against a sudden shift of public policy. Cf. Berger v. Board of Psychological Examiners, 521 F.2d 1056, 44 USLW 223. (D.C. Cir., decided Oct. 28, 1975) Such a clause should not be construed to authorize a distributor to acquire an interest in a rectifier two decades after enactment of the amendment, the Division maintains.
These arguments might well carry the day, if the grandfather clause had been enacted at the most recent session of the legislature. But the legislature has convened repeatedly since enactment of the grandfather clause and has been content to leave subsection 5, the grandfather clause, unaltered. In contrast, each of the other subsections has been amended[6] as to one detail or another since 1947. In such circumstances we are not free to ignore the plain language of the statute. See Armstrong v. City of Edgewater, 157 So.2d 422, 425 (Fla. 1963). We share the Division's doubt whether the purposes manifested by the statute as a whole are well served by Fla. Stat. § 561.24(5) (1973), but if the wording of the statute is to be revised, it is a task for the legislature, and not for this Court.
The judgment is affirmed.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
ENGLAND, J., dissents with an opinion.
ADKINS, J., dissents on merits and concurs with ENGLAND, J., on jurisdiction.
ENGLAND, Justice (dissenting).
I do not share my colleague's judgment that this case is properly before us. It came to us, at appellee's request, by transfer from the First District Court of Appeal.[*] I hold the view that the district *147 court unnecessarily relinquished its jurisdiction to us.
No one disputes the fact that the trial judge did not have to pass on the constitutionality of the statute involved in this proceeding. The court's final judgment initially and expressly held that the grandfather clause in Section 561.24 excluded appellee from the limitations in the other subsections of that provision. The order states:
"Insofar as the present needs of the plaintiff are concerned, this court is of the opinion that Subsection (5) of § 561.24, F.S., precludes the defendant from refusing to renew plaintiff's license."
After so ruling, the trial court went on to say:
"Ordinarily, this court would end its labors here, but in view of the judgment of the three-judge federal court suggesting the construction of § 561.24 by a state court, other questions argued by counsel will be considered."
Plainly, the trial court was not required to pass on the constitutional issues in order to resolve this litgation. I favor the notion that if any non-constitutional ground will support a trial court's order, direct appeal to this Court is not available under Article V § 3(b)(1). A review of nonconstitutional issues is properly within the province of the district courts, and under our constitutional scheme their disposition of those issues is final.
ADKINS, J., concurs on jurisdiction.
NOTES
[1] Rule 7A-1.02, Rules of Division of Beverage, provides, as follows:

The term "rectifier" shall include every person, firm or corporation which rectifies, purifies or refines distilled spirits or wines by any process other than by original and continuous distillation from malt, wort or wash until the manufacture is completed; every person, firm or corporation which has custody or possession of any apparatus designed for the purpose of refining in any manner distilled spirits; and every person, firm or corporation which mixes spirits, wines or other liquors with any other material or substance or which manufactures any spurious, imitation or compound liquor for sale under any name or brand.
[2] The statute provides in part, as follows:

(1) No manufacturer, rectifier or distiller, manufacturing, rectifying or distilling spirituous liquors, in any state other than Florida, shall hereafter be granted a license as a distributor or exporter.
(2) No manufacturer, rectifier or distiller, manufacturing, rectifying or distilling spirituous liquors, in any state other than Florida, shall be granted a renewal of a license theretofore held as a distributor or exporter.
(3) If the applicant for a distributor's or exporter's license or renewal thereof shall be an individual or copartnership, ...
(4) If the applicant for a distributor's or exporter's license, or for the renewal thereof, shall be a corporation, such corporation shall be deemed within the provisions of subsections (1) and (2), as the case may be, when such corporation is affiliated with, directly or indirectly any other corporation which is engaged in manufacturing, rectifying or distilling spirituous liquors in any state other than Florida, or when such applicant corporation is controlled by, or the majority of stock therein is owned by, another corporation, which latter corporation is engaged, directly or indirectly, in manufacturing, rectifying or distilling spirituous liquors in any state other than this state.
(5) Notwithstanding any of the provisions of the foregoing subsections, any corporation which holds a license as a distributor on June 3, 1947, shall be entitled to a renewal thereof, provided such corporation shall comply with all of the provisions of the beverage laws of Florida, as amended, and of this section and shall establish by satisfactory evidence to the board of county commissioners of the county wherein the original license was issued that during the six months period next preceding its application for such renewal, that, of the total volume of its sales of spirituous liquors, in either dollars or quantity, not more than forty per cent of such spirituous liquors sold by it, in either dollars or quantity, were manufactured, rectified or distilled by any corporation, in any state other than Florida, with which the applicant is affiliated, directly or indirectly, including any corporation which owns or controls in any way any stock in the applicant corporation or any corporation which is a subsidiary or affiliate of the corporation so owning stock in the applicant corporation.
(6) Any person, copartnership or corporation applying for a distributor's or exporter's license or a renewal thereof under the provisions of this section, shall file a written or printed application therefor with the division... .
(7) The procedure otherwise provided in this chapter with regard to every application for license as a distributor or exporter with the addition thereto of the procedure provided by this section, shall be followed with regard to every application for license as distributor or exporter and every application for any renewal of such license; provided, § 561.27, shall have no application to the renewal of a license of any distributor or exporter, except that no license of any distributor or exporter shall be renewed if the license of such distributor or exporter and continuations thereof shall have been revoked or the qualifications of such distributor shall have been impaired.
(8) Any maneuver, shift or device by any applicant whereby any provision of this section, in any manner, is sought to be avoided or evaded shall constitute a felony of the third degree, punishable as provided in §§ 775.082, 775.083, or 775.084. (Emphasis supplied)
[3] Foremost's federal constitutional objections to Fla. Stat. § 561.24 (1973) were reserved for determination in United States District Court and were not advanced in state court proceedings.
[4] Fla.Laws 1935, ch. 16774 provided, in pertinent part, as follows:

No manufacturer, rectifier or distiller, manufacturing, rectifying or distilling spirituous liquors, in any state other than the State of Florida shall be licensed as a distributor.
[5] The statute is set out in pertinent part in the preceding footnote.
[6] See Fla.Laws 1972, ch. 72-230 § 1 (reenacting grandfather clause); Fla.Laws 1971, ch. 71-136 § 559; Fla.Laws 1969, ch. 69-106; Fla.Laws 1963, ch. 63-562.
[*] It is significant to note that this litigation could not have come to us directly from the three-judge federal court which abstained pending a state determination of the controlling legal issues. Fla.App.Rule 4.61(a).