PER CURIAM.
This is an appeal from a worker’s compensation order which finds that Atlanta National Real Estate Trust (ANRET) and Atlanta National Management Company (ANMC) were the employers of the claimant at the time of his injury. The appellants raise numerous issues, only four of which require discussion.[1]
The significant issue with regard to ANMC is whether the Judge of Industrial Claims erred in finding that ANMC is the alter ego of ANRET. We agree this finding is erroneous. In Roberts’ Fish Farm v. Spencer, 153 So.2d 718 (Fla.1963), the Supreme Court held that neither the Judges of Industrial Claims nor the IRC may pierce the corporate veil primarily because workers’ compensation proceedings do not provide an adequate forum for the necessary fact finding. Accord, Goldstein v. Gray Decorators, Inc., 166 So.2d 438 (Fla.1964); Stiles Construction Co. v. Gruber, 2-2920, cert. denied 336 So.2d 106 (Fla.1976). Although the Judge of Industrial Claims’ piercing of the corporate veil was upheld in Walt Disney World Company v. Dille, 2-2597, cert. denied 303 So.2d 335 (Fla.1974) we find the rationale of Roberts’ Fish Farm compelling. Here, in a record which con *1341 tains in excess of 1,500 pages, there are not sufficient facts to determine whether ANMC is, in fact, the legal alter ego of ANRET. We reverse the finding and order that ANMC be dismissed from the proceedings. Having so ruled, it is unnecessary to determine other issues relative to ANMC.
The only other issues which require discussion are whether claimant has shown a causal relationship between his physical and psychological problems and the accident, whether the Judge of Industrial Claims erred in failing to find a date of MMI and in finding that Rain remains TTD, whether the Judge of Industrial Claims erred in ordering an independent medical examination post-hearing and whether claimant is entitled to an attorney’s fee below.
.We find no error in the requirement of a post-hearing independent medical examination nor in the failure to find a date of MMI. Sections 440.29(1) and 440.-25(3)(b) Fla.Stat. (1977) authorize such examinations; section 440.25(6) Fla.Stat. (1977) requires injured employees to submit to physical examinations if ordered. While section 440.25(3)(b) contemplates that independent examinations will be ordered where there is a conflict in the medical evidence, no such requirement appears in Section 440.29(1). Under Lu-Mar Enterprises, Inc. v. Mazur, IRC Order 2 -2456 (1974) the Judge of Industrial Claims may order independent medical examinations even where there is no conflict in the medical evidence so long as the employer/carrier is not required to pay for the examination. Here, no such cost was imposed upon the employer.
ANRET’s argument that sections 440.29(1) and 440.25(3) contemplate the use of independent witnesses before entry of the compensation order is not supported by the cases cited. In Palm Beach Junior College v. Aho, IRC Order 2-2985, cert. denied 339 So.2d 1171 (Fla.1976), the IRC affirmed an order which found the claimant to be TTD and required further medical examination. In Lu-Mar, supra, the IRC found no abuse of discretion in the failure to rule on the issue of MMI and the degree of permanent partial disability pending an independent medical examination. Section 440.-29(1) authorizes whatever investigations are necessary to ascertain the rights of the parties and as these cases indicate, an appropriate order may be entered pending completion of the examinations. As always, the question is whether the order is supported by competent substantial evidence.
In the instant case, the Judge of Industrial Claims was imminently correct in finding that MMI had not been reached since there is not competent substantial evidence in the record to determine whether claimant is psychologically MMI. Dr. Freeman testified that Rain needed a thorough psychological workup. This testimony along with Dr. Freeman’s refusal to assign a PPD rating because he did not think Rain’s mental and physical status had been sufficiently evaluated and the Judge of Industrial Claims’ observation of the claimant at the hearing support the finding that claimant continues to be TTD. Crowell v. Messana Contractors, 180 So.2d 329 (Fla.1965). We affirm the order on these points.
In the event Dr. Petty is not a psychiatrist, the Judge of Industrial Claims should order that Rain be psychologically evaluated to determine if his continued complaints are causally related to the industrial accident.
The finding that the accident was within the scope and course of Rain’s employment is supported by competent substantial evidence. However the finding of a causal relationship is premature. There is not, at this time, sufficient evidence in the record to support such a finding. We reverse on this point and remand for additional fact finding based on the result of the independent medical examination or examinations.
The award of attorney’s fees below is affirmed. A claimant is entitled to a fee if the employer/carrier declines to pay a claim on or before the 21st day after notice, controverts the claim or otherwise unsuccessfully resists payment of compensation. *1342 Section 440.34(1) Fla.Stat. (1977), Sherrill v. Richard M. McKenzie Trust, 2 3127 (1977), C & S Packing Co. v. Driggers, 80 FLW 776 (Fla. 1st DCA 1980). In this case, Rain’s attorney has obtained a benefit for him by having ANRET declared the employer. However, the amount of the award should not be determined until the proceedings are completed in accordance with this opinion.
The same rationale applies to the award of fees on appeal. Accordingly, we dismiss without prejudice Rain’s motion for attorney fees with instructions that it be refiled with the Deputy Commissioner for his determination upon entry of the final order.
The order is affirmed on all other points.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
McCORD and THOMPSON, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.

. ANMC lists 16 issues; ANRET list nine “points” which, for the most part, include the issues raised by ANMC. For some obscure reason, the appellants presented their issues in different order. While the Appellate Rules do not establish procedures for cases in which there are multiple appellants, we think a common sense approach to the situation would expedite review. When two or more appellants intend to raise and argue the same issues it would be helpful if they would agree to a format for the presentation of their joint issues. In the same vein, and for future guidance we note that both ANMC and ANRET filed 50 page initial briefs and 12 and 13 page reply briefs. The reply briefs were identical on the joint issues; the initial briefs contained many identical pages and paragraphs. This court does not need to read the same arguments twice. We recognize that appellants were within their rights in filing these briefs; however, parties, aware as they should be of this court’s work load, should cooperate in not swamping the court with unnecessary paper work.
We would also point out that there is no need for a party to file duplicative answer briefs for each appellant. One brief, addressed to all appellants will suffice, especially if the issues being argued are the same.
This common sense approach to such problems would ultimately benefit the litigants: presentation of the issues in a clear and concise format and a reduction of the reading material which the court must consider would facilitate processing of appeals.