## In re Charles Terrance MATTHEWS and Roberta Lynn Matthews, Debtors.

### Avaya, Inc., Movant,

### v.

### Charles Terrance Matthews, Roberta Lynn Matthews, and S. Gregory Hays, Chapter 7 Trustee, Respondents.

### No. 10–96519–MGD.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 23, 2011.

Ernest V. Harris, Harris & Liken, L.L.P., Athens, GA, R. Jeffrey Field, R. Jeffrey Field & Associates, Scottdale, GA, for Debtors.

## ORDER DENYING AVAYA, INC.'S MOTION FOR DETERMINATION THAT AUTOMATIC STAY DOES NOT APPLY

MARY GRACE DIEHL, Bankruptcy Judge.

Debtor Charles Matthews ("Debtor") was a majority shareholder in a corporation ("vTRax") that filed a pre-petition patent infringement suit against Avaya, Inc. ("Avaya") and other defendants. The patent infringement suit continued after Debtor filed a joint Chapter 7 case. The patent infringement suit was dismissed post-petition by the trial court when vTrax's counsel was allowed to withdraw from the case. Avaya is now seeking recovery of its attorneys' fees from vTrax and from Debtor and has filed a motion with the bankruptcy court so that its actions do not run afoul of the automatic stay. The Trustee and Debtor argue that Debtor must be protected to enable the estate to maximize value for creditors. The Court agrees and Avaya's motion is

denied as to actions against the Debtor or the Debtor's estate. Avaya's actions against vTrax are not implicated.

The Motion before the Court is Avaya's request for a determination that the automatic stay does not apply, or, in the alternative, for retroactive annulment of the automatic stay ("Motion"). (Docket No. 87). Chapter 7 Trustee ("Trustee"), S. Gregory Hays, filed an Objection and an Amended Objection to the Motion. (Docket Nos. 91 & 93). The matter came on for hearing on August 18, 2011, and present at the hearing were J. William Boone of Alston & Bird, LLP, representing Avaya, Inc., Frederic Meeker of Banner & Witcoff Ltd., representing Avaya in the Patent Case (described below), Neil Gordon, representing Trustee, and Ernest V. Harris of Harris & Liken, L.L.P. for Debtors. At the close of the hearing, the Court made an oral ruling denying Avaya's Motion. This Order memorializes the Court's ruling.

The relief sought in the Motion relates to Avaya's prosecution and recovery of attorneys' fees in a recently dismissed patent litigation case ("Patent Case"), which was pending in the Southern District of Florida, West Palm Beach Division. Avaya was a defendant in the Patent Case and vTrax Technologies Licensing, Inc. ("vTRax") was the Plaintiff. (*Vtrax Technologies Licensing, Inc. v. Siemans Communications et al.*, Case No. 9: 10–cv–80369KLR). Debtor owns 80% of vTrax

shares. Debtors' statements of financial affairs and schedules were amended post-petition to disclose the pending Patent Case and to include Debtor's interest in vTrax. (Docket Nos. 39 & 40).

The Patent Case was dismissed June 17, 2011. Avaya now seeks attorneys' fees against vTrax[1] and Debtor, individually, for allegedly using abusive and bad-faith litigation practices. By and through the Motion, Avaya seeks a determination that the automatic stay does not prevent Avaya from actions to recover attorneys' fees from vTrax and Debtor. Avaya describes Local Rule 7.3(a), S.D. Fla.[2], as requiring the moving party to act within a certain number of days from entry of the final order to prosecute recovery of attorneys' fees[3] Avaya asserts that because it has limited the attorneys' fees sought to those incurred post-petition, then its recovery action is purely a post-petition action that does not implicate the automatic stay. Alternatively, Avaya seeks to have the stay annulled because it will suffer irreparable harm if it cannot fully pursue recovery of its post-petition attorneys' fees against Debtor in the Patent Case.

Trustee objects to Avaya's Motion and asserts that any action to recover attorneys' fees—regardless of the period for which the fees are sought—is not a purely post-petition action because the Patent Case was initiated pre-petition. Trustee also avers that it is impossible to sepa-

---

1. Avaya's Motion does not seek any relief as to vTrax since no stay is applicable to a non-debtor. (Motion, n. 2). Neither Trustee nor Debtors oppose Avaya's position as to vTrax.

2. The full text of Local Rule 7.3(a) was not provided to the Court in the Motion. Avaya describes that there are respective 30 and 60-day requirements under the rule. It appears from Avaya's description of the rule that it may only apply to litigation parties. (Docket No. 87; p. 4, ¶ "parties seeking attorneys'

fees, expenses and costs *from opposing parties* must file a motion seeking those costs arising from the entry of a final judgment or order within sixty (60) days of the entry of the judgment or order.") (emphasis added).

3. At the hearing, Trustee asserted that 11 U.S.C. § 108 would preserve Avaya's ability to seek attorneys' fees. Because this remedy does not change the Court's analysis, the role of § 108 in this context will not be addressed.

rate any actions which took place post-petition from the underlying pre-petition cause of action. Further, Trustee asserts that the caselaw providing for recovery against a debtor for post-petition litigation costs requires more affirmative actions by a debtor to expose a debtor to post-petition litigation-related liability. Here, Trustee argues, Debtor did not take any such actions in the Patent Case to trigger such liability.

■ The automatic stay precludes Avaya from prosecuting and recovering attorneys' fees against Debtor. In response to the Court's questioning at the hearing, counsel for Avaya conceded that Debtor was not an individual party to the Patent Case and there were no existing claims against Debtor for vicarious liability or any claim similar to piercing the corporate veil in the Patent Case. Instead, Avaya seeks to assert Debtor's vicarious liability for the first time in its attempt to recover attorneys' fees. Avaya's actions against Debtor are prohibited by the automatic stay.

The automatic stay protects a debtor against the "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Although Avaya asserts that its right to attorneys' fee did not arise until the dismissal order, the genesis of its claims is the conduct of the underlying litigation which was initiated pre-petition. The dismissal order was not a determination on the merits but merely a determination that vTrax—a corporation—could not continue the litigation without counsel.

The Patent Case is a pre-petition action. The Patent Case was filed March 10, 2010 by vTrax, asserting patent infringement claims against several defendants, including Avaya. Debtor filed his joint Chapter 7 bankruptcy case on December 6, 2010. The schedules did not originally disclose his ownership interest in vTrax. The schedules were later amended on April 27, 2011 to properly disclose his shares in vTrax. The Court does not condone the failure to disclose the vTrax shares; however, that failure is not currently at issue before the Court.

The effect of Debtor's delayed disclosure does not recharacterize the nature of the Patent Case, as Avaya hopes. Similarly, Avaya's attempt to change the nature of the claim based on only prosecuting post-petition attorneys' fees is without merit. Avaya states that its thesis is that pursuit of the Patent Case post-petition was abusive and in bad-faith, but there is no compelling basis for this post-petition distinction. (Motion ¶ 17). Avaya cannot manufacture a purely post-petition claim based on a claim limited to post-petition dates. More importantly, Avaya ignores that it seeks recovery from Debtor who was not a party in the Patent Case. Further, the caselaw Avaya provides in support of its position does not align with these facts.

The Court agrees with the parties that "bankruptcy was intended to protect the debtor from continuing costs of pre-bankruptcy acts but not to insulate the debtor from the costs of post-bankruptcy acts." *Shure v. Vt. (In re Sure–Snap Corp.)*, 983 F.2d 1015, 1018 (11th Cir.1993). The parties also seem to agree that where a *debtor* voluntarily seeks to pursue pre-petition litigation post-petition, courts have found debtor liability "for post-petition attorneys' fees." *In re Ybarra*, 424 F.3d 1018 (9th Cir.2005) (emphasis added). Avaya asserts that Debtor's personal liability is

based on his pursuit and control of the allegedly abusive litigation by vTrax.

In each of the cases Avaya cites in support of its position, the party in bankruptcy is identical to the party pursuing the separate lawsuit. In *In re Grynberg*, 143 B.R. 574 (D.Colo.1990), the Court permitted the judgment creditor to recover postpetition attorney fees for defending the appeal. *Id.* at 578. The Chapter 11 debtors were the appellants and the *Grynberg* court described the appeal as "patently frivolous." *Id.* at 578. Similarly, in *In re Hadden*, 57 B.R. 187 (Bankr.W.D.Wis. 1986), the prevailing party recovered postpetition attorneys' fees when the debtor voluntarily continued the pending litigation after his bankruptcy. In *In re Ybarra*, the debtor revived a dismissed, pre-petition lawsuit and the opposing party was awarded statutory attorneys' fees post-petition. *Id.* at 1020–21. The Ninth Circuit found that the award of attorneys' fees was not discharged in debtor's bankruptcy because the costs and fees were incurred postpetition based on debtor's decision to "return to the fray." *Id.* at 1026 (quoting *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir.1998)). These cases are distinguishable from the Patent Case because Debtor is not a party to the Patent Case and vTrax is not a debtor.

■ The corporate form provides insulation from personal liability. *E.g., State ex rel. Continental Distilling Sales Co. v. Vocelle*, 158 Fla. 100, 27 So.2d 728 (1948). Here, Debtor is not a party to the Patent Case. His 80% ownership interest in vTrax does not automatically create any personal liability. Under Florida law, "the corporate entity is an accepted, well used and highly regarded form of organization in the economic life of our state and nation .... their purpose is generally to limit liability and serve as a business convenience. Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purposes which justifies piercing of the corporate veil." *Dania Jai–Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1120 (Fla.1984) (quoting *State ex rel. Continental Distilling Sales Co. v. Vocelle*, 158 Fla. 100, 27 So.2d 728 (1948)). This Court makes no determination as to any potential claim Avaya may have had against Debtor for vicarious liability or otherwise; however, the automatic stay generated from the filing of his Chapter 7 case protects Debtor, individually, from any continuing or new action arising out of the Patent Case. § 362(a)(1).

■ The Trustee also notes that he has filed an adversary proceeding, seeking a determination as to the ownership of the patent at issue in the Patent Case. (Adv. Proc. No. 11–5473–MGD). In connection with the analysis of those claims and the potential sale of either Debtor's interest in the patent or the sale of vTrax stock, Trustee needs the cooperation and knowledge of Debtor. If Debtor were required to personally defend an action in the Southern District of Florida, the bankruptcy estate would be disadvantaged. "An automatic stay imposed by 11 U.S.C. § 362(a) bars actions that would diminish the estate of a debtor in bankruptcy." *Palmdale Hills Prop., LLC v. Lehman Commer. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868 (9th Cir. 2011). The automatic stay protects debtors from the burden of litigation outside the bankruptcy forum. *See McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 512 (3d Cir.1997); H.R. REP. No. 95–595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News

<... >
628

5963, 6296–97 ("The automatic stay is one of the fundamental debtor protections provided in the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.").

Avaya has also failed to establish cause to warrant relief from the automatic stay. § 362(d)(1). Avaya may proceed with any action against vTrax, and the claims process provides it a suitable forum for any claim against Debtor individually. Accordingly, it is

**ORDERED** that Avaya's Motion is **DENIED.**

**IT IS FURTHER ORDERED** that the automatic stay prevents any action by Avaya to recover Patent Case attorneys' fees against Debtor Charles Matthews in his individual capacity.