FICKLING PROPERTIES, INC., *et al.*, v. JESSIE C. SMITH, *et al.*

167 So. 42.
Division A.
Opinion Filed March 30, 1936.

*John J. Lindsey* and *William A. Lane,* for Appellants;
*J. E. Yonge* and *Garland M. Budd, Jr.,* for Appellees.

DAVIS, J.—Fickling Properties, Inc., was a Florida cor-
poration engaged in the real estate brokerage business.
Rockville Properties, Inc., was a separate corporation en-
gaged in the business of buying and selling lands.    One
W. I. Fickling was president and principal stockholder in
each of the several corporations.    It was Fickling who con-
ducted on behalf of each of the corporations the business
transactions herein brought into controversy.

The Chancellor below, in deciding this case against the
appellants, held in effect that the two corporations, Fickling
Properties, Inc., and Rockville Properties, Inc., were so
closely related with reference to the real estate deal com-
plained of· in this suit, that they should be regarded in
equity as but one corporation.   And upon the basis of that
finding the Chancellor required the Rockville Properties,
Inc., to convey to the plaintiff below, Jessie C. Smith, all
of its interest in certain properties that it was alleged had
become vested in said Rockville Properties, Inc., through
an alleged betrayal of trust on the part of Fickling Prop-
erties, Inc., in not purchasing same for Smith's benefit pur-
suant to an agency and brokerage contract entered into be-

tween Fickling Properties, Inc., and said Smith, to that end and so providing.

There was substantial evidence in this case to show that appellee, Jessie C. Smith, had employed and commissioned Fickling Properties, Inc., as her agent and broker to "secure prices" on certain lots she was desirous of buying if possible, through the corporate agency of a real estate broker; that Mrs. Smith put up with the broker a binder deposit to that end and looked to Fickling Properties, Inc., to represent her in the contemplated deal which anticipated the purchase of certain real estate on Di Lido Island, a restricted residential subdivision in Biscayne Bay; that subsequent thereto, that the identical property Mrs. Smith expected to purchase through Fickling Properties, Inc., was purchased from its owner, Page Securities Corporation, by Rockville Properties, Inc., at the instance of the same W. I. Fickling, who was the principal individual in Fickling Properties, Inc., and largely in charge of its affairs; that thereafter Fickling Properties, Inc., attempted to so handle the matter with its principal, Mrs. Smith, as to charge her $3,000.00 for the property, whereas the property itself had already been acquired by Rockville Properties, Inc., for $2,500.00; that when confronted with a demand for a deed to the property that Fickling advanced the contention that while he had purchased the property in question for $2,500.00, that he had not done so as agent for Fickling Properties, Inc., the broker for Mrs. Smith, but that he had acted in the premises for Rockville Properties, Inc.; that Mrs. Smith up until that time knew nothing of the fact that Fickling was president and practically sole stockholder of both Fickling Properties, Inc., and Rockville Properties, Inc., but that when she found it out she elected to treat Rockville Properties, Inc., the purchaser of the property, as holding it in trust for

her benefit and thereupon demanded a conveyance of it upon a tender of $2,500.00 as its purchase price, together with a commission of 5% as originally agreed upon for the property.

The demand was refused, the offer declined and thereupon this suit was brought to compel a conveyance of the property in accordance with the tender and demand. As said before, the court below, upon bill, answer and testimony, entered its final decree in the demandant's favor, so the question to be decided is whether or not that decree should be affirmed on the record.

Our conclusion is that in its last analysis, the decision of this appeal turns largely on a question of evidence, the sufficiency of which to sustain the decree as entered, cannot be seriously questioned in the light of the oft repeated rule of this Court that where a final decree in an equity case is entered on conflicting evidence, and is not shown to be clearly wrong, that the same will be affirmed unless some inapplicable rule of law is shown to have influenced the Chancellor's consideration as to the conclusion reached. City of Tampa v. Colgan, 121 Fla. 218, 163 Sou. Rep. 577; Nolen v. Nolen, 121 Fla. 130, 163 Sou. Rep. 401.

It is settled law in this State that equity will raise a constructive trust for the benefit of one who by the act of another in abusing confidence reposed and accepted, or other questionable means, has gained and holds property for himself that in equity and good conscience should not be allowed to be so withheld from the party imposed upon. Quinn v. Phipps, 93 Fla. 805, 113 Sou. Rep. 419.

It is also the established law of this jurisdiction that a corporate fiction may be disregarded in equity where two or more separate corporations are controlled or owned by the same individuals and are used merely as a convenience

for accomplishing an unconscionable transaction that is in the individual interest of the parties controlling both corporations, when such individuals have so contrived to use the fiction of the presumptively separate corporate identities of the participating corporations as a means of perpetrating a fraud, or effectuating a breach of trust, to the prejudice of the complainant suing in equity for a redress of such a wrong. Third Avenue Co. v. Keely, 111 Fla. 46, 149 Sou. Rep. 30; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 Sou. Rep. 560.

We find no error of law or fact in the decree appealed from, so the same must be affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.