H. W. Metcalf v. Leedy, Wheeler & Co., Monroe Alleman and Paul W. McKee.

191 So. 690
Division B
Opinion Filed September 29, 1939
Rehearing Denied November 10, 1939

*Marks, Marks, Holt, Gray & Yates,* for Appellant;

*Maguire & Voorhis, S. B. Fishback* and *J. R. Wells,* for Appellees.

PER CURIAM.—This appeal is taken from a final decree of the chancellor in the Ninth Judicial Circuit, dismissing a bill of complaint filed by H. W. Metcalf against appellees.

Mr. Metcalf is 75 years of age, and is now engaged in operating an orange grove near Orlando. He had, before Prohibition, been engaged in the whisky business; and now owns considerable bonds and other investment property.

F. Monroe Alleman is secretary-treasurer and Paul W. McKee is a salesman of appellee corporation, and all are engaged in business as investment bankers in Orlando. They had, previous to the transaction in question, made several trades in bonds with H. W. Metcalf, and were associated with him in the management of an office building in Orlando.

Being the owner of $35,000 in par value of Union County road bonds, then in default, Metcalf became interested in trading the bonds for whisky certificates. Paul W. McKee, being accustomed to transacting Leedy, Wheeler & Co's. business with Metcalf, made negotiations with him and finally consumated a trade whereby Metcalf was given

warehouse receipts representing 400 barrels of Cummins Distillery Corporation whisky in return for his Union County bonds. The whisky certificates were purchased by appellees for $13,069.41. The trade was consummated about December 4, 1935, and a few weeks later Leedy, Wheeler & Co. sold the bonds for $23,800, thereby realizing a gross profit of $10,730. Metcalf apparently did not find out about the amount of profit made by appellees until two years later, at which time he filed a bill of complaint alleging, *inter alia,* that the profit was excessive; that McKee and Leedy, Wheeler & Co. were trading *for* him as distinguished from trading *with him;* that a confidential or fiduciary relationship existed between them, and therefore it was their duty to have told him all the details of their transaction, in which Leedy, Wheeler & Co. acquired the certificates before he made the trade; that Leedy, Wheeler & Co. had violated the N. R. A. Code of Fair Competition for Investment Bankers, and had not complied with the rules of the Securities and Exchange Commission; and prays for an accounting of all profits made by appellees improperly and at appellant's expense.

Testimony was taken before a special master, and on June 24, 1938, the chancellor entered final decree finding the equities to be with appellees and dismissing the bill of complaint with costs to appellant. From this final decree, appeal was taken, appellant assigning as errors the finding of the equities to be with appellees, and rendering final decrees dismissing the bill; the exclusion from evidence of parts of Article 6 of the Amendment to the Code of Fair Competition for Investment Bankers, as promulgated by the N. R. A.; and the sustaining of the objections by appellees striking from evidence several papers offered as appellant's exhibits.

A "fiduciary relation" exists when confidence is reposed on one side and there is resulting superiority and influence on the other and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal. In general, the relationship is one in which if a wrong arise the same remedy exists on behalf of the injured party as would . exist against a trustee on behalf of the *cestui que* trust. Quinn v. Phillips, 93 Fla. 805, 113 So. 419, 420, 54 A. L. R. 1173; State v. Gautier, 108 Fla. 390, 147 So. 240, 242; Dick v. Albers, 90 N. E. 683, 685, 243 Ill. 231, 134 Am. St. Rep. 369; Central National Bank v. Connecticut Mutual Life Insurance Co., 104 U. S. 54, 68, 26 L. Ed. 693; Hensan v. Cooksey, 86 N. E. 1107, 1109, 237 Ill. 620, 127 Am. St. Rep. 345; Beach v. Wilton, 91 N. E. 492, 495, 244 Ill. 413 (quoting 2 Pom. Eq. Jur., 3rd Ed., Sec. 956); Beare v. Wright, 103 N. W. 632, 636, 14 N. D. 26, 69 L. R. A. 409, 8 Ann. Cas. 1057.

The record does not show that there was any confidential or fiduciary relations between the parties other than a confidence of honesty and general responsibility. This transaction was conducted in the same manner that numerous others between the same parties had been conducted, and appellant was not justified in his alleged belief of an agency, a trustee relationship, or a fiduciary and confidential relationship between the parties. There was no mention of a commission by either party, nor did Metcalf offer to pay one. The record also shows that Leedy, Wheeler & Co. never bought, sold, or traded bonds or other securities for a customer's account, but always carried on all transactions with themselves as principals. Leedy, Wheeler & Co. assumed the risk of the bonds and should. not be precluded from reaping the profits therefrom.

The provisions of the N. R. A. Code of Fair Competition

for Investment Bankers has no application to this case, and the refusal to consider Sections 1-4 of Article VI of that Code is not error.

There appears no error in sustaining the objections of appellees in striking from the evidence, upon motion of appellees, the certified copies of rules MA1 to MA12 of the Securities and Exchange Commission.

All the equities being with the appellees, no fraud appearing and no error having been committed, the final decree of the chancellor below dismissing the bill of complaint is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—In his petition for rehearing appellant urges that the Court has misconceived the facts set out in the record, and that the equitable principles laid down in Peacock Hotel, Inc., v. Shipman, 103 Fla. 633, 138 So. 44, and Halstead v. Florence Citrus Growers' Association, 104 Fla. 21, 139 So. 132, are controlling.

Leedy, Wheeler & Co., through its officers and salesman, it is true, had had several business transactions with appellant Metcalf, enough so that each respected and trusted the other; but such transactions had in no way put the parties in such a position as to have either of them assume that there was such a confidential relationship between them that he did not have to follow the rules of good business.

The rule laid down in the Peacock case, *supra,* is to protect innocent persons from being duped and misled by the skill, cleverness, and artifices of those who are adept in the matter of deceiving their fellow men. Quoting from 'Mr. Justice Root, of the Supreme Court of Washington, in Stone v. Moody, 41 Wash. 680, 84 P. 617, 619, 85 P. 346, 5 L. R. A. (N. S.) 799, this being part of the language adopted by Mr. Justice Davis, speaking for this Court in the Peacock case:

"It is not the function of courts to make contracts for parties, or to relieve them from the effects of bad bargains. But where the simplicity and credulity of people are taken advantage of by the shrewdness, overreaching and misrepresentation of those with whom they are dealing, and they are thereby induced to do unwittingly something the effect of which they do not intend, foresee, or comprehend, and which, if permitted to cumulate, would be shocking to equity and good conscience, we think a court of equity may with propriety interpose."

Mr. Metcalf was an able business man. There is nothing in the record to show that he was not in possession of all his mental faculties; indeed, it is clear to us that he had a keen foresight and a strong analytical mind in relation to his business transactions. He was not possessed of those faculties so aptly termed by Mr. Justice Root as "simplicity and credulity."

We find no "shrewdness, overreaching and misrepresentation" on the part of Leedy, Wheeler & Co., or of the other appellee such as would bring this case within the rule laid down by the Peacock case.

The Halstead case, *supra,* citing and quoting from the Peacock case, involves a contract between an attorney and his client. The rules applicable to such relationship are not

controlling where one is dealing *with* another, as distinguished from dealing *for* another.

Neither of these cases being controlling, and finding nothing in the record to show that the parties were dealing other than at arm's length, petition for rehearing is denied.

Denied.

WHITFIELD, P J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.