SMITPI, CULVER, Associate Judge.
The appellants here were the defendants in the lower court, and the appellees were the plaintiffs below. The parties will be referred to as they ^stood in the lower court. The plaintiffs filed their suit seeking to have a trust impressed upon certain beach property in St. Lucie County, Florida, which stood in the name of defendant, Traub Enterprises, Inc. They further prayed the court to decree the interest of the parties in the property, and for an accounting. The defendants did not attack the sufficiency of the complaint, but filed their answer.
Upon hearing of the matter, the Chancellor decreed that the defendants held the property in question in trust for the plaintiffs, ordered that defendants render a com- *158 píete accounting to plaintiffs, and decreed that each plaintiff holds a one-third interest in the property.
Briefly stated, the facts, as found by the •Chancellor, are these: In 1935 one Charles G. Traub died intestate leaving his three sons as sole heirs to his estate. These sons are the plaintiffs and defendant, Edward B. Traub, Sr. Prior to his death, Charles G. Traub had conveyed the beach property in question to Charles G. Traub, Inc., a corporation of which he was president. The plaintiffs were also officers and directors of this corporation. The defendant, Edward B. Traub, held no interest in the corporation. In 1936 the corporation was dissolved for non-payment of capital stock tax, and the plaintiffs, as the surviving directors, became trustees of the dissolved corporation.
In 1938 the plaintiff, Ryland Traub, learned that the beach property, upon which taxes were delinquent, was redeemable under the Murphy Act, Laws 1937, c. 18296, F.S.A. §§ 192.35-192.38 and notes. At this time none of the brothers were residing in the State of Florida, nor in the same state. Ryland Traub communicated with the defendant, Edward B. Traub, concerning the property. They investigated the situation at Ft. Pierce, Florida, visited the plaintiff, W. E. Traub, in South Carolina, and discussed the matter of redemption. Both plaintiffs advised defendant, Edward B. Traub, that they were financially unable to furnish funds towards re'demption of the lands. The defendant said he would try to pay the taxes, and that he would hold the property in trust.
On October 20, 1943, defendant Traub wrote plaintiff, Ryland Traub, enclosing a deed to be executed by both plaintiffs as directors and trustees of Charles G. Traub, Inc., a dissolved corporation, to one Marjory Martha Pounder, as trustee. In the letter it was stated,
“ * * * This is going to cost about five hundred dollars and I am thankful that I have the money to put into it now and if it amounts to anything you will get a share and I will set a lot aside for you. I will keep you posted on developments from time to time and please don’t delay getting the deed to Bill. Am setting this up in trust so nothing can happen to it.”
Thereupon the plaintiffs executed the deed as directed. All three brothers were to share equally in the property. The property was subsequently transferred to a second trustee and then to a corporation, now the defendant, Traub Enterprises, Inc., which is a corporation wholly owned by the family of the defendant, Edward B. Traub, Sr. The plaintiffs later made attempts to ascertain the amount of expenditures made by defendant, Edward B. Traub, and made offers of reimbursement but were told that the matter would be straightened out and handled later. The value of the property increased greatly between 1943 and the time of the filing of this action.
Although some conflicts appear in the evidence, the Chancellor’s findings of fact will not be disturbed unless clearly shown to be erroneous. This rule has been enunciated too many times to require citation of authority. There is ample evidence in the record to sustain the findings of fact as related above. It follows that the decree must be affirmed unless some inapplicable rule of law is shown to have influenced the Chancellor’s consideration as to the conclusion reached. See Fickling Properties, Inc., v. Smith, 123 Fla. 556, 167 So. 42 and City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577.
We are of the opinion that this case falls within the rule set forth in the case of Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173 and followed in Fickling Properties, Inc. v. Smith, supra; Metcalf v. Leedy, Wheeler & Co., 140 Fla. 149, 191 So. 690 and Tillman v. Pitt Cole Co., Fla., 82 So.2d 672. In Quinn v. Phipps, supra, the Supreme Court of Florida stated [93 Fla. 805, 113 So. 422]:
*159 “A constructive trust is one raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it. Constructive trusts arise purely by construction of equity, independently of any actual or presumed intention of the parties to create a trust, and are generally thrust on the trustee for the purpose of working out the remedy. They are said to arise from actual fraud, constructive fraud, and from some equitable principle independent of the existence of any fraud. 26 R.C.L. 1232. * * *
“Stripped of all embellishing verbiage, it may be confidently asserted that every instance in which a confidential or fiduciary relation in fact is shown to exist will be interpreted as such. The relation and duties involved need not be legal; they may be moral, social, domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. The origin of the confidence is immaterial.”
In the present case the defendant, Edward B. Traub, initially knew nothing of the beach property. It was the plaintiff, Ryland Traub, who started the matter of redemption. No consideration was paid to either of the plaintiffs for conveyance of their interest in the property, nor has any been paid to them since. Defendants contend that since the plaintiffs have not paid their share of the expenditures, they have declined to carry out the deal. The Chancellor found that plaintiffs have actually offered to do so, and further, it nowhere appears in the quoted letter written by the defendant, Edward B. Traub, that any term or condition was fixed within which reimbursement was to be made. The Court below correctly concluded that the beach property was trust property, and that each of the plaintiffs, as heirs, was entitled to a one-third share. No error having been made to appear, the decree entered by the Chancellor below is hereby affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and WARREN, LAMAR, Associate Judge, concur.