PER CURIAM.
This cause is before us on petition of Stephen L. Ruskin to review the judgment of the Board of Governors of The Florida Bar that he be disbarred from the practice of law in Florida.
Respondent, Ruskin, is presently suspended from the practice of law by order of this Court dated January 18, 1961.[1] Respondent subsequently petitioned for reinstatement. During the investigation of the merits of the petition for reinstatement respondent withdrew his petition for reinstatement and petitioned for leave to resign. The Board of Governors approved the resignation but added the condition “that the resignation be without leave for reinstatement.” This Court considered and accepted the. Board’s judgment.[2] On petition for modification and rehearing, respondent advised this Court that the condition was unacceptable to him, and the Court, with consent of the Bar, set aside the resignation and remanded for further proceedings.[3]
Thereafter, on or about April 16, 1965, the respondent was convicted of a felony involving the unlawful sale of securities, in the United States District Court at Miami and was placed on three years’ probation. A Notice to Show Cause was served on respondent on October 5, 1965, pursuant to the Integration Rule, Article XI, Rule 11.08(4), 32 F.S.A. The proceedings on Rule to Show Cause were not prosecuted while the respondent’s appeal to the Fifth Circuit Court of Appeals and his petition for certiorari to the United States Supreme Court were pending. Thereafter, further proceedings were had before the referee which culminated in the filing of his report on December 31, 1968.
The referee found the respondent guilty of the crime for which he was convicted and recommended that he be suspended for seven years from the date of his conviction in the United States District Court (April 16, 1965).
The Board of Governors recommended disbarment. Respondent petitioned to resign without leave to apply again for admission to the Bar.
The record shows that the respondent knowingly represented a corporation which made false inducements to investors concerning the economic standing of the corporation and the ability of its officers. Because of this misconduct on the part of respondent and his associates, many innocent persons lost money. This type of conduct cannot be condoned by this Court. Lawyers owe a special duty to be circumspect in their conduct when handling funds belonging to others. When any attorney is unable to withstand the temptation to misappropriate funds he should obviously not be allowed to continue in the practice of law.
The referee has recommended suspension and the Board of Governors of The Florida Bar has recommended disbarment.
The respondent has requested by telegram that he be authorized to resign from The Florida Bar “with prejudice and without leave to apply for readmission.” This *15 request was again made by his attorney at the time of oral argument before the Court.
The record indicates that respondent has been a law-abiding, civic-minded citizen for approximately nine years prior to the entry of this Order. The long passage of time between commission of the offense and the Bar proceedings also renders this case unique. The delay was occasioned by a criminal appeal. This Court has held that the purpose of disbarment is to protect the public from unethical attorneys rather than punish offending members of the Bar.[4] Although it is not the usual policy of this Court to allow offending attorneys to resign during disciplinary proceedings, we feel that the particular circumstances of this case warrant such a result. The public interest is best served by granting respondent’s request that he be allowed to resign “with prejudice and without leave to apply for readmission.”
Accordingly, the petition to resign with prejudice and without leave to apply for readmission is granted forthwith and respondent is required to pay without delay the costs of these proceedings in the amount of $221.84.
It is so ordered.
CARLTON, ADKINS and BOYD, JJ., and MANN, District Court Judge, concur.
ERVIN, C. J., concurs specially with opinion.

. State ex rel. The Florida Bar v. Buskin, 126 So.2d 142 (Fla.1961).

.In re Ruskin, 151 So.2d 1 (Fla.1963).

.Id. at 2.

. State ex rel. The Florida Bar v. Rubin, 142 So.2d 65 (Fla.1962).