475 So.2d 738 (1985)
Raymond W. WILLIAMS, Appellant,
v.
HUNT BROTHERS CONSTRUCTION INC., Appellee.
No. 84-1424.
District Court of Appeal of Florida, Second District.
September 20, 1985.
*739 Ray W. Williams, Jacksonville, for appellant.
Peggy Burke Beville of Peacock & Cope, P.A., Clearwater, for appellee.
DANAHY, Judge.
Appellant Raymond Williams, a member of The Florida Bar appeals from a final summary judgment in favor of appellee Hunt Brothers Construction, Inc. (Hunt). Hunt's suit against Williams was in four counts, including claims for common law indemnity, fraudulent conversion, theft, and breach of fiduciary duty. The judgment before us involves only the last count  breach of fiduciary duty. We affirm.
Blum Roofing Co., Inc. (Blum), a subcontractor, entered into a contract with Hunt, the contractor, to perform roofing repairs at a shopping center in Jacksonville. Blum purchased materials for the job from Gulfside Supply, Inc. (Gulfside), through Service Supply Company, Inc. (Service), Gulfside's wholly owned subsidiary in Jacksonville.
Blum performed and timely requested payment from Hunt. Hunt did not pay. This caused Blum's account to Gulfside to likewise remain unpaid. Blum then filed its claim of lien in the public records of *740 Duval County for the amount due. Next, Gulfside commenced collection proceedings against Blum. To satisfy that debt, Blum gave Gulfside a written creditor's assignment of the debt due from Hunt along with an assignment of Blum's recorded lien against the shopping center property. The assignments were drawn up, witnessed, and notarized by Blum's attorney, Raymond Williams, the appellant. These assignments were never recorded.
While these events transpired, the shopping center was being sold. The shopping center owners chose Stephen O. Cole, attorney at law, as their escrow agent and directed him to settle, from the proceeds of the sale, all debts relating to the property. Cole's search of the public records revealed Blum's lien on the property. Thereafter, in a July 1, 1981, letter addressed to Blum, Cole requested confirmation from Blum that "payment due is $11,267" and that Blum had executed a waiver of lien of the amount due. Cole's letter went on to state:
Finally, I understand that a Claim of Lien has been filed and therefore will require that you also execute and return to me the attached Satisfaction of Lien. Please complete the appropriate recording data and have the execution acknowledged before a Notary.
If you will comply with these items and return them to me to hold in trust I will then be able to forward to you a check as indicated.
On July 6, in response to a telephone conversation between Cole and Williams, Cole forwarded to Williams a check in the amount of $11,267 as payment to Blum for the shopping center contract. The letter accompanying the check specifically instructed: "We thus instruct you not to release the check until you have delivered to us a proper satisfaction of the recorded lien." Further instructions required that if a suit to foreclose the lien had been filed or a judgment entered, appropriate releases and proof of dismissal of any suit must also be furnished prior to disbursement. Upon receipt of the check and the letter, Williams prepared a release of lien, notarized its execution by Blum, forwarded it to Cole, and disbursed the funds to Blum.
In February 1982, Gulfside brought suit against Blum and Hunt to collect its unpaid debt. In that suit, we affirmed the final judgment, ordering Hunt to pay Gulfside $11,477 plus interest. Hunt Brothers Construction, Inc. v. Gulfside Supply, Inc., 440 So.2d 360 (Fla. 2d DCA 1983).
Approximately two weeks after entry of the above final judgment, Hunt filed the instant suit against Williams and Blum. In the count for breach of fiduciary duty against Williams individually, Hunt alleged in part:
20. At all times material hereto RAYMOND W. WILLAIMS [sic] was acting in his capacity as a member of the Florida Bar with a duty to the public to maintain and hold [sic] the integrity of the Bar.
21. The funds which are the subject of this cause were forwarded in trust to RAYMOND W. WILLIAMS in his fiduciary capacity as a member of the Florida Bar with specific instructions concerning release.
22. RAYMOND W. WILLIAMS breached his fiduciary duty by willfully releasing the funds to BLUM ROOFING knowing that BLUM ROOFING was not entitled to the funds as evidenced by:
(a) RAYMOND W. WILLIAMS' preparation of the assignments of debt and lien to Gulfside Supply, Inc.
(b) RAYMOND W. WILLIAMS' participation in the execution of the assignment of lien as witness to DAVID BLUM'S signature and as attorney.
(c) RAYMOND W. WILLIAMS' participation as notary public in the execution of the fraudulent release of lien made for the purpose of wrongfully obtaining the trust funds.
23. HUNT has been damaged by RAYMOND W. WILLIAMS' breach of his fiduciary duty.
Both parties filed motions for summary judgment together with supporting affidavits. The trial court granted partial summary judgment in favor of Hunt on the *741 count for breach of fiduciary duty and reserved ruling as to the other three counts. Hunt then dismissed the remaining counts against Williams and dismissed Blum from the suit. The final judgment, appealed here, was then entered.
We think the trial judge was correct in entering summary judgment where the proofs before him demonstrated that Williams' affirmative defenses were legally insufficient or addressed the counts which had been dismissed. The detailed affidavits submitted by Hunt establish that, as a matter of law, Williams breached his fiduciary duty as alleged.
In Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 420-421 (1927), our supreme court stated:
The term "fiduciary or confidential relation," is a very broad one. It has been said that it exists, and that relief is granted, in all cases in which influence has been acquired and abused  in which confidence has been reposed and betrayed. The origin of the confidence is immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist wherever one man trusts in and relies upon another.
Accord Metcalf v. Leedy, Wheeler & Co., 140 Fla. 149, 191 So. 690 (1939); Whittle v. Ellis, 122 So.2d 237 (Fla. 2d DCA 1960). Where such relation is reposed by one party and a trust accepted by the other, or where such confidence has been acquired and abused, there exists sufficient predicate for relief. Whittle; Traub v. Traub, 102 So.2d 157 (Fla. 2d DCA 1958). A fiduciary, be he an attorney or not, must account for and deliver over property or money of a beneficiary, client, or third party which has been entrusted to him for a particular purpose and which he was required to have held in trust. Amsler v. American Home Assurance Co., 348 So.2d 68 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 128 (Fla. 1978). See Forman v. Grant Lunch Corp., 113 N.J. Eq. 175, 166 A. 219 (1933). Lawyers especially must be circumspect in their conduct when handling funds belonging to others. The Florida Bar v. Ruskin, 232 So.2d 13 (Fla. 1970).
In the case before us, the proofs conclusively show that a fiduciary relationship existed between Williams and Hunt. Cole, acting for Hunt, entrusted funds to Williams for one specific purpose  to satisfy the only existing debt between Hunt and Blum. Those funds were entrusted with specific instructions  to assure any claims against Hunt were released prior to disbursement of the funds. The facts before the trial court further show that Williams chose to abuse the trust placed in him. Williams knew that Blum was not entitled to any funds from Hunt and that Blum could not execute a valid satisfaction. Thus Williams knew that Cole's specific instructions could not be followed. In spite of this, Williams accepted the check; prepared, notarized and delivered a release executed by Blum; and released the check to Blum. In doing so, he clearly breached his fiduciary duty.
We think it is irrelevant whether, as Williams argues, Hunt or Cole should have known the debt had been previously assigned. Williams was under a clear and unambiguous duty to protect Hunt's rights. Because he knew the conditions established by Cole could not be met (he chose not to inquire further of Cole regarding the forwarding of the funds to the proper party, Gulfside), his duty was clear  i.e., to return the funds to Cole. This he did not do.
Although Williams asserts that fact issues remain to be resolved, neither his affidavit nor any other counterevidence presented by him refute the essential facts which establish that he breached his fiduciary duty. Williams, therefore, is liable, as a matter of law, for the amount of damages alleged, proved, and found by the trial court to constitute lawful damages flowing from his wrongful act.
Accordingly, because we hold that there was no genuine issue of material fact remaining to be found by the trial court, we affirm the summary judgment. Fla.R. Civ.P. 1.510(c); Johnson v. Gulf Life Insurance *742 Co., 429 So.2d 744 (Fla. 3d DCA 1983).
AFFIRMED.
OTT, A.C.J., and LEHAN, J., concur.