483 So.2d 867 (1986)
CENTRUST SAVINGS BANK f/k/A Dade Savings and Loan Association, a Florida Corporation, Appellant,
v.
BARNETT BANKS TRUST COMPANY, N.A., et al., Appellees.
BARNETT BANKS TRUST COMPANY, n.a., et al., Appellants,
v.
LAWYERS SURETY CORPORATION, Etc., Appellee.
Nos. 85-515, 85-521.
District Court of Appeal of Florida, Fifth District.
February 27, 1986.
*868 John C. Reber of Rush, Marshall, Bergstrom, Reber & Gabrielson, P.A., Orlando, for Centrust Sav. Bank.
Tucker H. Byrd of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for Barnett Banks.
Dorry A. Bragg of Welbaum, Zook, Jones & Williams, Orlando, for Lawyers Sur. Corp.
COWART, Judge.
Wade Clifford Goodlett was appointed by the court as guardian for his son Milton Wesley Goodlett. The guardian father withdrew $100,000 of guardianship funds and opened a $100,000 certificate of deposit savings trust agreement account with appellant savings and loan association in the name of "Mr. Wade Clifford Goodlett, trustee for Milton Wesley Goodlett, beneficiary." Four days later appellant savings and loan association made a $50,000 loan to Wade Clifford Goodlett in his individual capacity and took as security a pledge of the trust account. The guardianship court substituted appellee bank for Wade Clifford Goodlett and approved an assignment *869 of the $100,000 trust account to appellee bank from the father-guardian-trustee and the son-ward-beneficiary. Appellee bank filed an action against appellant savings and loan association seeking a judgment declaring that appellant savings and loan association had notice the pledged funds were trust funds, that the pledge was void, and that appellee bank, as successor guardian, was entitled to the $100,000 in trust funds and interest thereon free of the pledge. The trial judge granted summary judgment in favor of appellee bank and the savings and loan association appeals. We affirm.
In pledging the funds held in trust for his beneficiary to secure his personal debt the trustee father breached his trust. Just as every owner of a legal interest has the right that others shall not, without lawful excuse, interfere with his possession or enjoyment of his property, or adversely affect its value, so the beneficiary, as equitable owner of the trust res, has the right that third persons shall not knowingly join or participate with the trustee in a breach of trust. The wrong of participation in a breach of trust has two elements: (1) An act or omission which furthers or completes the breach of trust by the trustee; and (2) knowledge at the time that a breach of trust was occurring or the legal equivalent of such knowledge. The problem in nearly all such cases is whether the third person knew or should have known that he was taking part in a breach, that is, whether he had actual knowledge that a breach was being committed, or had notice of facts which should charge him with such knowledge because the facts imposed a duty to inquire into the legality of the transaction and a reasonable inquiry would have disclosed the impending breach of duty.
There is general agreement in the case law that if a person who has a claim against the trustee in his individual capacity accepts from the debtor, in payment of the debt, or as security therefor, property which the creditor knows or should know is trust property, the creditor takes part in a breach of the fiduciary obligation.[1]
A savings and loan association had no right to apply funds on deposit in a trust account against the trustee-depositor's personal debts. The trust description constituted notice that the monies deposited could be the property of third persons. Emile v. Bright, Fla.App. 1967, 203 So.2d 328.
Although the mere withdrawal of funds from [a] trust account would not ordinarily require the bank to question the trustee's authority, the use of the word "trustee" in describing the depositor constituted notice to the bank that the account funds might be the property of a third person and could not be set off against depositor's personal debts. Home Federal Savings & Loan Association of Hollywood v. Emile, Fla. 1968, 216 So.2d 443.
G. Bogert, The Law of Trusts and Trustees, § 904 n. 69 (rev.2d ed. 1932).
In this case, the appellant savings and loan association argues that the $100,000 drawn on the guardianship account and used to open the savings trust account contained no notice that it represented guardianship funds. However, the principle that it is wrong to knowingly participate or assist a trustee in a breach of trust applies to those who assist anyone in the breach of his fiduciary obligation. The term fiduciary includes not only court appointed guardians, executors, and administrators, but every person acting in a fiduciary capacity for another and includes a trustee under any trust, expressed or implied, an officer of a corporation, and many others.[2] Although the trial court did find that the trust funds were guardianship funds, that finding was not necessary because appellee bank, as assignee of the *870 beneficiary of the trust, was as entitled to the trust funds as it, as successor guardian, was entitled to guardianship funds. Guardianship funds are but one specific type of trust funds. Appellant savings and loan association did not need to know the funds were guardianship funds in order to have a duty to not accept them to secure a personal loan to the trustee. Appellant needed only to know that they were trust funds. Here, the application for the savings and loan trust account and the trust agreement appended thereto were more than sufficient to establish the trust nature of the pledged funds, and the loan documents established the personal nature of the $50,000 loan. Accordingly, appellant savings and loan association's own records were sufficient to give actual notice of the trust nature of the deposited funds and to make out a clear case of use of trust funds for a wrongful purpose. These records, together with other undisputed evidence before the court, justified the summary judgment in favor of appellee bank.
Appellant savings and loan association argues that under Florida law[3] a deposit by one of his own money in his own name as trustee for another (a totten trust) is revocable at will and, hence, such funds are owned by the trustee and can be pledged for a personal loan. Appellant also argues that there was no evidence at summary judgment hearing that the $50,000 loan was made with court approval. The problem with these arguments on appeal is that, in effect, they admit the trust nature of the trust funds but seek to avoid the legal consequences of their pledge for a personal loan to the trustee by implying (1) that the $100,000 were personal funds of the trustee or (2) that the loan and pledge were pursuant to court approval. If these facts constitute legally sufficient defenses to the declaratory action, they are in the nature of pleas in confession and avoidance and should have been pleaded as affirmative defenses. They were not, and the appellee bank was not required to negative these unalleged facts in order to obtain a summary judgment.[4]
Appellant savings and loan association also asserts on appeal that the application for the trust savings account itself authorized "the pledge of this account in whole or in part as security for any loan made by the Association to the undersigned." (emphasis supplied) The answer to this assertion is simply that "the undersigned" was "Wade Clifford Goodlett, as trustee for Milton Wesley Goodlett, beneficiary" and the loan was not made to Wade Clifford Goodlett in his capacity as trustee but to him in his personal, individual capacity.
We assume that this disposition of the controversy between appellee bank and appellant savings and loan association renders moot the issues in the consolidated appeal between the bank and the guardian's surety.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] See Restatement (Second) of Trusts § 324 (1959), and the cases collected in G. Bogert, The Law of Trusts and Trustees, § 904 n. 62 (rev.2d ed. 1982).
[2] For a discussion of fiduciary relations, see generally Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 420 (1927).
[3] See, e.g., Seymour v. Seymour, 85 So.2d 726 (Fla. 1956).
[4] See, e.g., Playa Del Mar Association, Inc. v. Florida Power & Light Company, 481 So.2d 943 (Fla. 4th DCA 1986).