LETTS, Judge.
The appellant-successor guardian timely appeals the final summary judgment in favor of appellee Harbor Federal. Harbor Federal allowed the original guardian to withdraw funds without a court order. We affirm.
In this case, the mother was appointed by the trial court to be the original guardian of her minor child’s person and property. The mother later received a check from a personal injury settlement as guardian for her child.[1] Instead of placing the proceeds in a guardianship account, Harbor Federal improperly designated the account in the following manner:
Olive Williams, as custodian for Felicia Williams under the Florida Uniform Gifts to Minors Act.
Upon an inventory of the guardianship, the trial court determined that the mother had wrongfully dissipated the funds in that account for her own use. The trial court removed her as the guardian and appointed a successor guardian.
Subsequently, the successor guardian filed a complaint against Harbor Federal for negligently opening the account as a custodial, rather than a guardianship, account. The savings and loan moved for a summary judgment alleging that it was not responsible for the mother’s breach of fiduciary duty. The trial court granted the motion.
The issue now before this court is whether Harbor Federal is liable for the mother’s misappropriation of funds. Maybe it was error to. place the money in a custodial, rather than a guardianship, account. However, the incorrect designation of the account has no bearing on the result sub judice. Since the trial court did not order Harbor Federal to supervise disbursements pursuant to section 69.031, Florida Statutes (1989), the money could have been withdrawn even if it had been more appropriately placed in a guardianship account. Section 744.444, Florida Statutes (1989) contains no language which would restrict a guardian from making withdrawals without court approval. On the contrary, many of the fifteen subsections of section 744.444 permit a guardian to "pay” all ■ kinds of expenses without court intervention. As we see it, it would be prohibitively expensive, and contrary to the spirit of the statute, to require a bank or savings and loan association to force the guardian to go to court every time he or she wishes to make a withdrawal. Harbor *116 Federal cannot, under the facts of this case, be held accountable for the mother’s misappropriation of guardianship assets.
Accordingly, we affirm the trial court’s order.
AFFIRMED.
DOWNEY and WALDEN, JJ„ concur.

. The settlement check was styled, "Olive Williams, as Guardian of Felicia Williams, a minor."