BLUE, Judge.
This appeal challenges a final judgment that denied W.F. Hutson’s petition for a constructive trust. David W. Hutson, W.F. “Fred” Hutson’s son, is personal representative for his father’s estate and was substituted in this action following his father’s death. We reverse because the trial court erred in refusing to impose a constructive trust on money belonging to Fred Hutson that was held by Jack Brooks.
Fred and Thelma Hutson were married for approximately 30 years. Both had grown children from previous marriages. In 1990, the Hutsons borrowed $35,000 and gave a promissory note that they both signed. The loan was secured by a mortgage on the 40-acre homestead owned solely by Thelma Hutson where both Fred and Thelma resided. The loan cheek was payable to Fred and Thelma Hutson jointly. David W. Hutson, Fred’s son, lent the money to Fred and Thelma and took the note and mortgage in return.
After receiving the loan check, the Hut-sons transferred $26,000 to Jack Brooks, Thelma’s son. Brooks was to keep and invest the money for the Hutsons’ use. When Thelma Hutson died, Brooks was holding approximately $19,000 of the original $26,000. After his mother’s death, Brooks refused to transfer any additional funds to Fred Hutson unless Fred would agree to use the money to reduce the mortgage on his mother’s property-
Fred Hutson filed a complaint seeking a constructive trust on the funds based on Brooks’ refusal to release the money. During the pendency of the suit, Fred Hutson died, the property was sold, and Brooks paid the mortgage in full. After a bench trial, the court denied the claim for a constructive trust and allowed Brooks to keep the $19,000 as a credit against the satisfaction of the joint indebtedness created by the note and mortgage. From this decision comes the appeal.
A constructive trust is an equitable remedy available when a confidential relationship has been abused. Traub v. Traub, 102 So.2d 157 (Fla. 2d DCA 1958). A confidential relationship is found “where confidence is reposed by one party and a trust accepted by the other.” 102 So.2d at 159 (quoting Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (Fla.1927)). Jack Brooks was entrusted with money that belonged to Thelma and Fred Hutson. Thus, a confidential relationship was established.
[W]here one person having legal and equitable title in property transfers it to another with whom he has a confidential relationship to hold for a particular purpose, a constructive trust arises in favor of the promisee which may be enforced where the promisor acts in a fashion so as to harm the beneficiary’s interest.
Mayer v. Cianciolo, 463 So.2d 1219, 1222 (Fla. 3d DCA 1985) (footnote omitted). Brooks was entrusted with Fred and Thelma’s money. On Thelma’s death, Fred was entitled to the funds. By refusing to release any money unless Fred complied with his special condition, Brooks violated his trust. Thus, the trial court erred in refusing to impose a constructive trust.
Accordingly, we reverse. On remand, the trial court shall impose a constructive trust in favor of Fred Hutson’s estate on the money held by Brooks. Any claim Brooks may have for contribution as a result of paying the mortgage and note should be brought in the probate proceedings.
Reversed and remanded.
PARKER, A.C.J., and QUINCE, J., concur.